820 F.2d 1219
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ornella CALABI, Appellant,
v.
Margaret M. HECKLER, Secretary, Department of Health and
Human Services, Appellee,
Ornella CALABI, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, and William E. Brock, Secretary United
States Department of Labor, Defendants-Appellees.
 Nos. 85-2343, 86-3999.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 18, 1986.
Decided June 5, 1987.
 
 Before WIDENER, PHILLIPS and WILKINSON, Circuit Judges.
 Ornella Calabi, appellant pro se.
 Jack Tranter, Mark A. Berthiaume, and Daniel J. Edelman, Office of the U.S. Attorney, for appellees.
 PER CURIAM:
 
 
 1
 Dr. Ornella Calabi has filed three employment discrimination suits, one against Margaret M. Heckler, Secretary of the Department of Health and Human Services, alleging that Calabi was discriminatorily denied employment with the National Institute of Allergy and Infectious Diseases, district court No. JH or HAR 83-1167; a second against Margaret M. Heckler alleging that Calabi was discriminatorily denied employment at the National Cancer Institute and the National Eye Institute, district court No. Y-84-1320; a third against Raymond J. Donovan, Secretary of the Department of Labor, alleging that Calabi was discriminatorily denied employment at the Occupational Safety and Health Administration, district court No. HAR-84-2936. These three cases were consolidated in the United States District Court for the District of Maryland.
 
 
 2
 At the conclusion of a hearing on October 11, 1985, the district court announced that it would grant the defendant's motion for summary judgment in Calabi's suit regarding denial of employment at the National Institute for Allergy and Infectious Diseases, district court No. JH or HAR 83-1167. The district court took no action on the merits of Calabi's other two lawsuits. Calabi filed a motion for reconsideration of the oral order of October 18, 1985. The district court then entered a written order granting the defendant's motion for summary judgment and denying Calabi's motion to amend her complaint. Calabi then filed a "Reaffirmed Motion for Reconsideration" of both the granting of summary judgment and the denial of the motion to amend the complaint. Shortly thereafter Calabi filed her notice of appeal in district court No. JH or HAR 83-1167 which is our No. 85-2343.
 
 
 3
 On June 12, 1986 the district court amended its order granting summary judgment relief to the defendant to correct a clerical error in the other. Calabi timely filed a notice of appeal from the entry of the amended order which is our No. 86-3999. The district court has not acted upon Calabi's motion for reconsideration.
 
 
 4
 The order granting the motion for summary judgment is apparently appealable as a refusal of injunctive relief under 28 U.S.C. Sec. 1292(a)(1). Calabi's motion for reconsideration of that order, filed within ten days of the entry of the order is treated as a motion to alter or amend the judgment under Fed.R.Civ.Pro. 59. This timely filing of a Rule 59 motion delayed appealability of the summary judgment order until an order disposing of the motion for reconsideration is entered. Calabi's first notice of appeal filed before the disposition of the Rule 59 motion "shall have no effect" according to Fed.R.App.Pro. 4(a)(4). The first appeal, our No. 85-2343, is premature and must be dismissed.
 
 
 5
 Calabi's second appeal, our No. 86-3999, must be dismissed for the same reason. We do not treat the district court's June, 1986 amended order as denying Calabi's Rule 59 motion. That order merely corrected a clerical error. Because the district court had not acted on the Rule 59 motion when the second appeal was filed it also is premature and must be dismissed.
 
 
 6
 For the reasons stated above both of Calabi's appeals, Nos. 85-2343 and 86-3999, must be dismissed as premature. When the district court rules upon the Rule 59 motion, Calabi's time for appeal will begin to run and she may file a new notice of appeal. Fed.R.App.Proc. 4(a)(4).
 
 
 7
 Nos. 85-2343 and 86-3999 are Dismissed.